[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14830

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 30, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-60267-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD TRUCCHIO,
a.k.a. Ronnie One Arm,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 30, 2007)**

Before TJOFLAT, HULL and BOWMAN,* Circuit Judges.

_____

*Honorable Pasco M. Bowman II, United States Circuit Judge for the Eighth Circuit,
sitting by designation.

PER CURIAM:

Ronald J. Trucchio appeals his conviction following a jury trial for conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d). After review and oral argument, we affirm.

## I. BACKGROUND

On December 2, 2003, a federal grand jury indicted Trucchio and nine codefendants, charging that the defendants had participated in a racketeering conspiracy from 1986 to the date of the indictment. The indictment[1] alleged that Trucchio was a "captain" in the Gambino Crime Family associated with a criminal "crew" operating in Florida and New York called the Young Guns, formerly the Liberty Posse. The indictment further charged that Trucchio supervised the criminal activities of the Young Guns, demanded and received cash payments as tribute, and instructed the gang on the distribution of proceeds. According to the indictment and the evidence at trial, the principal purpose of the Young Guns was to generate money for its members and associates from criminal activity in such a way as to avoid detection by law enforcement agents.

_____

[1]The federal grand jury returned a third superseding indictment on July 20, 2004, which changed the end date of the conspiracy to July 20, 2004. For the sake of simplicity, we refer to the third superseding indictment as "the indictment."

Trucchio alone proceeded to trial after all his codefendants pled guilty. At trial, the government presented the testimony of Trucchio's former criminal associates and a federal agent investigating the Gambino Crime Family.

For example, Michael Ciaccio, a member of a New York-based criminal crew associated with Trucchio, testified that Trucchio was a "made" member of the Gambino Crime Family who accepted tribute payments derived from the Young Guns' drug sales and other criminal activities. According to Ciaccio, Trucchio grew concerned with the Young Guns' escalating violence in South Florida in 1997 and directed Ciaccio to monitor their activities and identify potential witnesses against them. Ciaccio noted that many Young Guns members had been incarcerated and stated that the gang "had broken up" in 1997. Ciaccio also testified, however, that the remaining members who were not incarcerated were like a "minor league team" that continued to perpetrate minor crimes.

Joseph Kondrotos, a member of the Young Guns, testified that Trucchio was a captain in the Gambino Crime Family. He corroborated Ciaccio's testimony that Young Guns leaders regularly paid tribute to Trucchio and described the robberies, assaults, and murders perpetrated by the Young Guns in Florida. According to Kondrotos, Young Guns members discussed potential witnesses against them while residing in the Federal Detention Center in 2004. Kondrotos

3

testified that Young Guns leaders discussed killing prosecutors, a potential witness residing in the Federal Detention Center, and the witness's mother.

Frank Scarabino, an associate of the DeCavalcante Crime Family of New Jersey, provided a general description of the structure of organized crime families and testified that Trucchio was a captain in the Gambino Crime Family.

Federal Bureau of Investigation ("FBI") Special Agent George Gabriel testified as an expert on the Gambino Crime Family. Agent Gabriel described the structure of the American Mafia and stated that Trucchio was at least an acting captain in the Gambino Crime Family. Agent Gabriel's knowledge was gleaned from informants' statements, cooperating witnesses, and surveillance.

At the close of the government's case, Trucchio moved for a judgment of acquittal. After the district court denied this motion, Trucchio called one witness on his behalf and failed to renew his motion at the close of all the evidence.

After three days of deliberation, the jury found Trucchio guilty of RICO conspiracy under 18 U.S.C. § 1962(d) for his involvement with the Young Guns. The district court sentenced Trucchio to 240 months' imprisonment, three years of supervised release, and a $25,000 fine. This appeal followed.

## II. DISCUSSION

On appeal, Trucchio raises these assignments of error: (1) the prosecution was time-barred because the indictment was filed six years after the Young Guns had broken up, outside RICO's five-year statute of limitations; (2) the government presented insufficient evidence that Trucchio participated in a RICO conspiracy in violation of § 1962(d) because, inter alia, he did not direct or manage the Young Guns; (3) the district court erred in admitting certain FBI expert testimony, including testimony about the structure of organized crime families and Trucchio's status as a captain in the Gambino Crime Family; and (4) the district court breached its duty to inquire sua sponte whether Trucchio's counsel had an actual conflict of interest, requiring us to remand for an evidentiary hearing.

After careful review of the record, as well as the arguments of both parties presented in their briefs and at oral argument, we conclude that all of Trucchio's claims lack merit. Only his third and fourth claims warrant further discussion.

As to the FBI expert testimony, Trucchio contends that Agent Gabriel's testimony based on informants' statements was admitted in violation of the Confrontation Clause. Even assuming arguendo that Agent Gabriel's testimony constituted inadmissible testimonial hearsay under Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004), the admission of this testimony was harmless

error.[2]  Agent Gabriel's testimony was merely cumulative of other testimony presented at trial–Scarabino also testified about the structure of organized crime families, and Scarabino and Kondrotos testified that Trucchio was a captain in the Gambino Crime Family.  Moreover, because the RICO conspiracy charges stemmed from Trucchio's involvement with the Young Guns, Agent Gabriel's testimony about Trucchio's ties to the Gambino Crime Family concerned issues collateral to the offense conduct.  Given the cumulative nature of Agent Gabriel's testimony and the strength of the government's other evidence linking Trucchio to the Young Guns, the admission of Agent Gabriel's testimony was harmless beyond a reasonable doubt.  See United States v. Mills, 138 F.3d 928, 939-41 (11th Cir. 1998) (finding that a Confrontation Clause error was harmless in light of the prosecution's strong case and the cumulative nature of the challenged testimony).

Trucchio's contention that the district court had a duty to inquire into a potential conflict of interest involving his trial counsel is also meritless.  During Trucchio's trial, Ciaccio testified that Joseph Corozzo, Sr., the father of Trucchio's trial counsel, was involved with the Gambino Crime Family.  Trucchio's counsel,

---

[2]The denial of a defendant's Confrontation Clause rights is reviewed for harmless error. See United States v. Ndiaye, 434 F.3d 1270, 1286 (11th Cir.), cert. denied, Diaw v. United States, __ U.S. __, 127 S. Ct. 128 (2006).

Joseph Corozzo, Jr., asked the district court to clarify that the witness was speaking about counsel's father and not counsel himself. Ciaccio clarified that he was discussing counsel's father. Although other witnesses mentioned Corozzo, Sr., there was no other reference to his relationship to Trucchio's counsel.

Even if no party raises a conflict of interest issue at trial, the trial judge has a duty to inquire into a potential conflict sua sponte if it is "sufficiently apparent" at the time of trial. See Wood v. Georgia, 450 U.S. 261, 272, 101 S. Ct. 1097, 1104 (1981). In the record in this appeal, Trucchio has made no showing that his counsel had a conflict of interest or that any potential conflict of interest was "sufficiently apparent" in order to trigger a duty to inquire by the district court.[3] While the record in Wood "strongly suggest[ed]" a potential conflict arising from the trial counsel's inconsistent interests, nothing in this record indicates that Corozzo, Jr. had any inconsistent interests that should have been apparent to the trial judge. Id. at 273, 101 S. Ct. at 1104. The identity of trial counsel's father by

---

[3]In this appeal, Trucchio has made no claim of ineffective assistance of counsel; instead, Trucchio's claim is that the district court had a duty to inquire sua sponte about a potential conflict of interest. As we have previously stated, "[e]xcept in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance of counsel on direct appeal." United States v. Verbitskaya, 406 F.3d 1324, 1337 (11th Cir. 2005), cert. denied, __ U.S. __, 126 S. Ct. 1095 (2006); see also Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694 (2003) ("[I]n most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.").

itself did not make a potential conflict "sufficiently apparent" to impose upon the trial judge a duty to investigate it <u>sua sponte</u>. Furthermore, nothing in the record presented in this direct appeal justifies a remand for an evidentiary hearing.

For the foregoing reasons, we affirm Trucchio's conviction.

**AFFIRMED.**